**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0049n.06

No. 12-2676

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jan 21, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DAVID RYAN LEMON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  BOGGS, NORRIS, and WHITE, Circuit Judges.

PER CURIAM.  Defendant David Ryan Lemon appeals through counsel the sentence imposed following his conviction of bank robbery by force or violence. *See* 18 U.S.C. § 2113(a), (d).

Lemon robbed a federally insured bank while armed with a knife and a BB gun.  The robbery was captured on videotape, and Lemon confessed to the crime.  He was found competent to stand trial, and a jury found him guilty.  After his conviction, Lemon stopped taking necessary medication, and sentencing was postponed until he regained competency.

Lemon's presentence report indicated that he has a long history of mental illness and a history of violent acts related to his condition, including a concealed-weapons conviction for hiding a butcher knife under his shirt after being spotted cleaning his fingernails with it at a bus station and an assault conviction for threatening a parking-lot security guard with a knife in order to get the guard's gun.  After reviewing the presentence report, Lemon added to it a statement that he

committed the bank robbery because he remembered that he had been sexually abused when he was 18, began to think that his abuser was going to find him, and wanted to be put in prison, out of the abuser's reach.

At sentencing, defense counsel argued for a downward departure or variance from the calculated guidelines range of 78 to 97 months based on Lemon's mental illness. The district court denied the request and sentenced Lemon to 78 months, at the bottom of the guidelines range. On appeal, Lemon argues that the sentence is substantively unreasonable because it does not take into consideration the severity of his mental illness.

We review the reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence within the guidelines range is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Lemon argues that his sentence is substantively unreasonable because the district court failed to consider Lemon's "history and characteristics"—his mental-health issues—and gave unreasonable weight to the "nature and circumstances" of Lemon's offense—the bank robbery. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007). However, review of the transcript reveals that the district court expressly considered Lemon's mental-health history and characteristics but found that factor outweighed by the need to protect the public. Because the district court considered the pertinent § 3553 factors and gave a satisfactory explanation for the sentence imposed, Lemon has not rebutted the presumption that his within-guidelines sentence was reasonable. *See United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009). Accordingly, the district court's judgment is AFFIRMED.